IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOE W. MORGAN, #607565 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv113 |
| KEVIN MOORE, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Joe W. Morgan, a prisoner confined in the Texas prison system, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge Harry W. McKee, who issued a Report and Recommendation concluding that the case should be dismissed. The plaintiff has filed objections.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the plaintiff, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections by the plaintiff are without merit.

It is noted that the complaint concerns events surrounding an incident that occurred on July 8, 2004. The plaintiff was involved in a verbal altercation with Officer Westbrook. The plaintiff reported Officer Westbrook to his supervisors. The plaintiff subsequently received a disciplinary case for threatening an officer. He denied the claim, although he admitted that he called Officer Westbrook a punk. He characterized the disciplinary case as false.

1

The Report and Recommendation correctly noted that the plaintiff could not bring a civil rights lawsuit concerning the disciplinary case until the disciplinary case was reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The plaintiff has not shown that he has satisfied the requirement of *Edwards v. Balisok*. Moreover, even if he had satisfied the requirement, the plaintiff may not receive any federal relief regarding the disciplinary case because the punishment he received did not include the loss of good time in order to trigger the protection of the Constitution. *See Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997).

The plaintiff also characterized the disciplinary case as an act of retaliation. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998). The plaintiff is under the erroneous impression that the disciplinary case could not be filed against him because he complained to supervisory officers about Officer Westbrook before he received the disciplinary case. He is making the same type of erroneous argument that was made by inmates in *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997). Any and all complaints, writ writing or legal activity is not protected. *Id.* He does not have a basis for a potentially meritorious retaliation claim if his underlying complaint is frivolous. The plaintiff underlying complaint that Officer Westbrook verbally abused him is frivolous. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Lynch v. Cannatella*, 810 F.3d 1363, 1376 (5th Cir. 1987).

In his objections, the plaintiff argued that the Report and Recommendation is wrong because he has a right to freedom of expression and due process. The Fifth Circuit recently dealt with this type of argument in *Freeman v. Texas Dept. of Criminal Justice*, 369 F.3d 854 (5th Cir. 2004). The Fifth Circuit noted that an inmate has a right to freedom of expression so long as it is not inconsistent with his status as a prisoner and does not adversely affect a legitimate state interest. *Id.* at 863-64 (citations omitted). A prisoner may criticize officers by filing grievances. *Id.* at 864. His right to freedom of expression does not extend to publicly mocking or challenging correctional officers, rebuking a prison official in public or inciting other inmates. *Id.* The plaintiff's statements made to Officer Westbrook in an open area during an argument, which included calling him a punk and purportedly included threats, are not protected speech. As in *Freeman*, prison officials were entitled to take disciplinary actions against the plaintiff because of his behavior. His objections lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the cause of action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions by either party not previously ruled on are hereby denied.

**So ORDERED and SIGNED this 6th day of June, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**